**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 11 2019

at 11 o'clock and 30 min A M
SUE BEITIA, CLERK

PAID.

IN THE UNITED STATES DISTRICT COURT
FOR HAWAII

William H. Gilliam,
   Plaintiff,

Vs.

Mike Galvin, a/k/a
J. Michael Galvin; Joan Cherice
Krussel a/k/s Joan Cherice Cote,
Mathew Aaron Cote a/k/a Matt
Cote, a/k/a Matthew A. Cote
Airbnb, Inc. and Airbnb
Payments, Inc.
   Defendants.

Civil Case No. CV19-

**CV19 00127 RT**

**COMPLAINT**

---

COMES NOW, plaintiff and for his Complaint against Defendants, states, as follows:

### Jurisdiction & Venue

1. Plaintiff a United States citizen, neither a resident of Washington or California, residing overseas; but, frequent visitor to Hawaii, where substantially all the matters pertinent hereto arose.
2. Defendant Mike Galvin (also known as J. Michael Galvin), Defendant Joan Cherice Krussel (also known a Joan Cherice Cote) and Defendant Mathew Aaron Cote (also known as Matt Cote and Matthew A. Cote) on information and belief United States citizens and residents of Washington State at all times material hereto.
3. Defendants Airbnb, Inc and Airbnb Payments, Inc. California corporate entities, with significant contacts in the State of Hawaii.
4. This Court has original jurisdiction under the Lanham Act 15 U.S.C. §1121; the Hobbs Act 18 U.S.C. §1951 to the full extent of the

Received By Mail
Date 3/11/19
LS

FSC, ISSUED SUMMONS (8); RECPT.; R.16, CONSENT(10)
Mailed On
WAIVER
Date 3/11/19
LS

Commerce clause, no matter the *de minimis* nature; and diversity jurisdiction as the amount in controversy exceeds, without interest and costs, the amount provided by 28 U.S.C. §1332; and pendent jurisdiction of pertinent state claims, arising from the same facts, acts and doings, 28 U.S.C. §1367.

## FACT STATEMENTS

5. Plaintiff and Defendant Galvin hold respective property interests in a condominium project Kuhio Shores at Poipu situated South shoreline Poipu, Kauai'i island, Hawaii.
6. Defendant Galvin for several decades marketed his properties to vacation renters; and, with the advent of the widely deployed Hypertext Protocol for the Internet operated for pecuniary gain a website for his properties and third parties at the project, free from significant competition, such activities in interstate commerce
7. Defendant Airbnb has deployed within the last decade a website with a worldwide presence and engages as its principal business of marketing vacation rental and real estate agency, including Hawaii, in competition with Galvin and others; which website included as a valuable competitive advantage reviews by guests and hosts of one another.
8. Plaintiff endeavored, starting before 2012, to improve plaintiff's property to the same visitors or guest market in competition with Galvin. After unexpected delays; and, sufficiently complete, Plaintiff did not choose to use Defendant Galvin's Website; but, published such a listing with Airbnb's website as of 2015; and entered into Airbnb's contract called Terms of Service utilized by the Airbnb defendants for such website and their agency. Such contract applicable to guests who rented through Airbnb's agency, as well.
9. In March, 2015 defendants, using Krussel's Airbnb guest profile account, rented for one night Plaintiff's property through Airbnb's website.
    a. Defendants' rental illegitimate, defendants had no intention to rent as guests; rather to obtain access to the premises and to then

      publish a malicious, harmful and injurious review on the same Airbnb website, with a worldwide reach.

    b. Indeed, just minutes after arrival to the premises Krussel contacted plaintiff and by telephone and falsely stated that there were hidden cameras at the premises.

    c. Such complaint a malicious lie part of the Washington Defendant's scheme to harm Plaintiff

    d. Airbnb's Terms of Service between the parties requires a good faith effort to resolve guest complaints

    e. Plaintiff endeavored immediately in good faith to resolve the complaint; and. proposed, to which Krusell agreed, to meet within the hour at the premises to review, detail, and address her concerns.

    f. Contemporaneously, Plaintiff attempted to reach Airbnb and left urgent messages to which Airbnb never responded.

    g. Before plaintiff's timely arrival at the premises, defendants had fled within the allotted hour; but, not before taking hundred of photographs of the premises and had contacted Airbnb, to falsely and maliciously claim that hidden cameras present on the premises.

    h. Airbnb refunded to Defendants, without any contact with Plaintiff or working in good faith with Plaintiff; and, without verification of such outrageous, false, and malicious claim; and, so seemingly confirmed and verified the Washington Defendants' malign lie. That action misleading, false, and harmful to Plaintiff's damages

    i. Immediately thereafter defendant Krussel in conspiracy with defendants Cote and Galvin published a review to the worldwide Internet stating she had found hidden cameras and gotten a refund from Airbnb, as if the malign lie had concurrent corroboration from Airbnb, as trusted source. The Washington State Defendants' malicious scheme complete.

10. Plaintiff has sustained damages, special and consequential, greater than $75,000.00, proximately caused by defendants.

## Lanham Act Claim Against all Washington Defendants

COMES NOW plaintiff and for claim against Washington State Defendants states, as follows:
11. Plaintiff restates paragraphs one to ten.
12. Defendants Galvin, Krusell and Cote in violation of 15 U.S.C. §1125, caused a false or misleading description of act or false or misleading representation of fact likely to cause confusion or mistake; and, of the approval by Airbnb to their malicious, defamatory lie; and, to injure the commercial activities of plaintiff; and, defendants in their commercial advertising published with Airbnb in the guise of an "honest" guest review repeating their malicious lie, to misrepresent the nature, characteristics of plaintiff's services and commercial activity.
13. Defendants thereby sharply reduced Plaintiff's competitiveness in the market and proximately caused Plaintiff to sustain loss of rental revenue, disruption of Plaintiff's relationship with Airbnb; and, consequential damages.

WHEREFORE, plaintiff prays for such special damages and consequential damages as proof shall show together with Punitive and Exemplary damages.

## UNFAIR And Deceptive Trade Practices, against Washington Defendants
## Hawaii Revised Statute §480-2

COMES NOW plaintiff and for claim against Washington State Defendants states, as follows:
14. Plaintiff restates paragraphs one through ten.
15. Defendants published misleading advertising by their aforesaid review to plaintiff's harm and damages in violation of Hawaii Revised Statutes §480-2.

WHEREFORE, plaintiff prays for all special damages and consequential damages as proof shall show, trebelled as provided by statute, attorneys fees as the court deems proper and the costs of this action.

## UNFAIR And Deceptive Trade Practices Against all Washington Defendant Washington Revised Statutes §19.86 R.C.W. et. seq.

COMES NOW plaintiff and for claim against Washington State Defendants states, as follows:

16. Plaintiff restates paragraphs one through ten.
17. Defendants published misleading advertising to plaintiff's harm and damages in violation of the State of Washington Revised Statutes §19.86 R.C.W.

WHEREFORE, plaintiff prays for all special damages and consequential damages as proof shall show, trebelled as provided by statute, attorneys fees as the court deems proper and the costs of this action.

## Tortious Interference with Past Present Future Relationship against Washington State Defendants

COMES NOW plaintiff and for claim against Washington State Defendants states, as follows:

18. Plaintiff restates paragraphs one through ten.
19. Defendants interfered with Plaintiff business relationship with Airbnb.
20. Defendants interfered with Plaintiff future business relationship with future guests dating from the publication of their review in March 2015 to plaintiff's damages, special and consequential.
21. Defendants knew or reasonably should have know of such contractual relationships.

WHEREFORE, plaintiff prays for all special damages and consequential damages as proof shall show and Punitive and Exemplary damages sufficient to deter those in a similar position to the defendants in the future.

## Fraud against Washington State Defendants

COMES NOW plaintiff and for claim against Washington State Defendants states, as follows:

22. Plaintiff restates paragraphs one through ten.

23. Defendants induced plaintiff to provide them access by contacting Plaintiff through Krussel's Airbnb guest account.
24. Defendants withheld from Plaintiff material information: that their real purpose to harm Plaintiff.
25. Plaintiff relied on the inducement of Defendants' representation that they sought a legitimate guest stay and in reasonable reliance on the misrepresentation suffered harm and damages.
26. Such harm as plead in previous division hereof and by slander of Plaintiff and to the property in defendants' published review and communications to Airbnb and others.

WHEREFORE, plaintiff prays for all special damages and consequential damages as proof shall show and Punitive and Exemplary damages, sufficient to deter those in a similar position to the defendants in the future.

### Defamation and False Light
### Against Washington Defendants

COMES NOW plaintiff and for claim against Washington State Defendants states, as follows:

27. Plaintiff restates paragraphs one through ten.
28. Defendants communications to Airbnb and other; and their publication at the Airbnb website a malicious lie.
29. Defendants intentionally schemed together to publish their malicious, scandalous, lie at a website with a worldwide reach and thereby defamed, slandered, and liabled, plaintiff and the premises.
30. As a proximate result Plaintiff sustained harm and damages.

WHEREFORE, plaintiff prays for all special damages and consequential damages as proof shall show and Punitive and Exemplary damages, sufficient to deter those in a similar position to the defendants in the future.

### Declaratory Judgment as to Defendant Krussel

Pursuant to 28 U.S.C. §2201, F.R.C.P. 57 and Hawaii Rule of Civil Procedure 60

COMES NOW plaintiff and states in support of his claim for Declaratory Judgment, as follows:

31. Plaintiff initially commenced a Small Claims action against Krussel in the District Court for Kauai's Fifth District SC 15-1-0192; but, unable to serve defendant in the State of Hawaii's Fifth Judicial District.
32. Nevertheless, defendant filed a Motion to dismiss under H.R.C.P 12(b)(6) for failure to plead fraud with sufficient particularity.
33. Before hearing on the Motion, Plaintiff voluntarily dismissed pursuant to H.R.C.P. 41(a) as permitted at *any* time before an answer or motion for Summary Judgment.
34. In any event, at all times the district court sitting in Small Claims lacked jurisdiction, Rules of the Small Claims Division of the District Courts Rule 5.
35. Thereater, the court purported to rule on the 12(b)(6) motion and improvidently Dismissed; and *Dismissed with Prejudice.* Such Dismissal with prejudice void *ab initio*.

WHEREFORE plaintiff seeks declaratory relief from any such judgment of dismissal with prejudice, and for such other relief including Declaratory, as the Court may deem necessary in the premises.

HOBBS ACT violation against Washington State Defendants

COMES NOW plaintiff and for claim against Washington State Defendants states, as follows:

36. Plaintiff restates one, two and four.
37. Defendants Krusell and Cote emailed plaintiff on October 10, 2015, after commencement of the aforesaid Small Claims against Krussel.

38. Defendants threatened plaintiff, by written email and by telephone using interstate wires, with respect to further pursuit by plaintiff of his claims, which threats clearly: "guarantee" at a minimum frivolous lawsuit, economic and pecuniary harm, as …

    *At your age [plaintiff] must by now have learned not to piss the wrong guy off, because I guarantee I fit that bill…..*

39. Defendants conspired together to make such threats. Defendants Krussel, Cote and Galvin utilized interstate electronic wires to formulate and communicate such threats.
40. Such threats unlawful, extortionate, and harmful. Defendants' violated 18 U.S.C. §1951 (commonly known as the Hobbs Act).
41. Defendants extortion in furtherance of their scheme to harm plaintiff and proximately damaged Plaintiff.

WHEREFORE plaintiff demands judgment against defendants for plaintiff's damages together with punitive and exemplary damages.

## First CONTRACT CLAIM against
## AIRBNB Defendants Airbnb, Inc. and Airbnb Payments, Inc.

COMES NOW plaintiff and for claim against AIRBNB Defendants states, as follows:

42. Plaintiff restates paragraphs one through four, seven through ten.
43. At all times material hereto Plaintiff and Airbnb, and Washington Defendants contracted pursuant to Airbnb's "Terms of Service" and "Guest Refund Policy Terms".
44. Such contract provides the host, in this instance Plaintiff, opportunity to address guest complaints, and obliges guest to reasonably cooperate; and, Airbnb to communicate and treat the parties fairly in good faith.
45. Airbnb disregarded their obligations to plaintiff and breached the contract to plaintiff's harm and damages.
46. Further, defendant Airbnb reasonably knew or should have known the rental fraudulent, no rental had taken place; and, no "review" proper.

WHEREFORE plaintiff prays for damages together with pre and post judgment, interest, and the costs of this action.

### Breach of Airbnb Contract
### Against Washington Defendants

COMES NOW plaintiff and for claim against Washington State Defendants states, as follows:

47. Plaintiff restates paragraphs one through ten, forty-three and forty-four.
48. Defendants use of the Airbnb website, agency, and account membership contractually obliged defendants as provided.
49. Defendants breached this contract.
50. Plaintiff harmed and damaged by defendants' breach.

WHEREFORE, plaintiff prays for all damages as proof shall show, pre and post judgment interest, together with Punitive and Exemplary damages, sufficient to deter those in a similar position to the defendants in the future.

### Second CONTRACT CLAIM against
### AIRBNB Defendants Airbnb, Inc. and Airbnb Payments, Inc.

COMES NOW plaintiff and for claim against AIRBNB Defendants states, as follows:

51. Plaintiff restates paragraphs one, three, four, seven, eight, fifteen, seventeen, forty-three, forty-four, and forty-five.
52. Defendants Airbnb failed to pay Plaintiff rental due under the terms of the contract between Plaintiff and the Airbnb defendants.
53. Plaintiff compelled to bring all claims against the Airbnb defendants.

WHEREFORE plaintiff demands judgment as proof shall show at trial hereof, together with pre- and post judgment interest.

_[signature]_
William H. Gilliam, *pro se*
9459 SW Gemini Dr.
ECM 38146
Beaverton, OR 97008

Email: PacificRimHI@gmail.com
+16237481720
No fax