IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM H. GILLIAM,<br><br>Plaintiff,<br><br>vs.<br><br>MIKE GALVIN, a/k/a J. MICHAEL GALVIN; JOAN CHERICE KRUSSEL a/k/s JOAN CHERICE COTE, MATHEW AARON COTE a/k/a MATT COTE, a/k/a MATTHEW A COTE, AIRBNB, INC. AND AIRBNB PAYMENTS, INC.,<br><br>Defendants. | CIVIL NO. 19-00127 JAO-RT<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND** |

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND**

Presently before the Court are two motions to dismiss: Defendants Joan Krussel's and Matthew Cote's[1] Motion to Dismiss, ECF No. 9, and Defendant Mike Galvin's Motion to Dismiss, ECF No. 11. For the reasons set forth below, Defendants' motions are GRANTED.[2]

---

[1] Krussel and Cote are now married. The Court refers to them as "Defendants Cote."

[2] Although Airbnb Inc. and Airbnb Payments, Inc. (collectively "Airbnb") are also named defendants, because this Order concerns only the Complaint's allegations against the individual defendants, the Court refers to Galvin, Krussel, and Cote collectively as "Defendants" and refers to Airbnb by name.

# I. BACKGROUND

Plaintiff and Defendant Galvin own condominiums in the same complex in in Poipu, Kauai. First Am. Compl. ("FAC") ¶ 5. In March of 2015, Defendants Cote rented Plaintiff's condominium unit through Airbnb. *Id.* ¶ 9. Upon arriving at the unit, Defendants Cote informed Airbnb that there were hidden cameras in Plaintiff's apartment, and publicly posted a disparaging review of Plaintiff's unit, stating that it contained hidden cameras. *Id.* ¶¶ 9(b) & (i). Plaintiff alleges that the Cotes' rental and review of Plaintiff's condominium was all part of a conspiracy with Galvin to harm Plaintiff's competitiveness in the rental market. *Id.* ¶¶ 12–13.

Plaintiff brought the initial Complaint on March 11, 2019. ECF No. 1. The Complaint alleged that Defendants violated two federal statutes: The Lanham Act (Count 1) and the Hobbs Act (Count 8). It also asserted the following state law claims: Unfair and Deceptive Trade Practices under Hawai'i Revised Statute § 480-2 (Count 2), Unfair and Deceptive Trade Practices under Washington Revised Statute § 19.86 (Count 3), "Tortious Interference with Past Present Future Relationship" (Count 4), Fraud (Count 5), Defamation (Count 6), Declaratory Judgment seeking to reverse a prior state court judgment in small claims court (Count 7), and a claim against Defendants for their breach of the Airbnb terms of service (Count 10). *Id.* The Complaint also asserted two breach of contract claims against Airbnb (Counts 9 and 11). The initial complaint alleges diversity

jurisdiction, asserting that Plaintiff is a U.S. Citizen, "neither a resident of Washington or California, residing overseas; but, frequent visitor to Hawaii." ECF No. 1 ¶ 1.

Defendants Cote filed their Motion to Dismiss on June 14, 2019, ECF No. 9, and Defendant Galvin filed his Motion to Dismiss on June 20, 2019, ECF No. 11, joined by Defendants Cote. ECF No. 12. In response to the motions to dismiss, Plaintiff filed the FAC on July 8, 2019. ECF No. 26. The FAC removed the Hobbs Act Claim and added new allegations with respect to Plaintiff's residency. The FAC alleges that Plaintiff is "now a qualified resident of Hawaii." FAC ¶ 1.

Because Plaintiff filed an amended complaint, the Court requested that Defendants inform the Court whether they wished to proceed with their motions to dismiss. ECF No. 28. By letter to the Court, Defendants Cote sought to proceed with their motion, because the FAC did not cure any jurisdictional defects in the original Complaint. ECF No 30. They also asked the Court to construe their motion as brought under Federal Rule of Civil Procedure 12(b)(1) in addition to 12(b)(6). *Id.* Defendant Galvin did not respond to the Court's request.

## II. STANDARD OF REVIEW

### A. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P.

12(b)(6). "On a motion to dismiss, the court accepts the facts alleged in the complaint as true." *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). But conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000). When a court dismisses a claim under Rule 12(b)(6), "leave to amend should be given freely," and dismissal with prejudice is proper only where "amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

### B. Rule 12(b)(1)

Because Federal Courts are courts of limited subject matter jurisdiction, the plaintiff bears the burden to establish jurisdiction. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Dismissal under FRCP 12(b)(1) is warranted when the plaintiff fails to meet its burden. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). The Court may rely on evidence submitted outside of the complaint to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

## III. DISCUSSION

Defendants argue that the Court lacks subject matter jurisdiction because (1) the only federal claim alleged—the Lanham Act claim—must be dismissed, precluding federal question jurisdiction; (2) the Court should decline to exercise supplemental jurisdiction over the state law claims; and (3) the Complaint fails to plead diversity jurisdiction. The Court agrees, and therefore does not reach Defendants' other arguments.

### A. Lanham Act (Count 1)

Plaintiff's Lanham Act claim alleges that Defendants conspired to harm Plaintiff's rental business by falsely stating in an Airbnb review that there were hidden cameras in Plaintiff's rental property. FAC ¶¶ 9, 12, 13. Defendants move to dismiss the Lanham Act claim, contending that the false statements were not made in a commercial advertisement or promotion. *See* ECF No. 9-1 at 14–15; ECF No. 11-1 at 13.

The Lanham Act creates a civil action against "[a]ny person who, on or in connection with any goods or services . . . uses in commerce any . . . false or misleading description of fact . . . which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of. . . another person's goods, services, or commercial activities[.]" 15 U.S.C. § 1125. For a prima facie case, a plaintiff must plead the following:

(1) the defendant made a false statement either about the plaintiff's or its own product; (2) the statement was made in commercial advertisement or promotion; (3) the statement actually deceived or had the tendency to deceive a substantial segment of its audience; (4) the deception is material; (5) the defendant caused its false statement to enter interstate commerce; and (6) the plaintiff has been or is likely to be injured as a result of the false statement.

*Newcal Industries, Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1052 (9th Cir. 2008) (quoting *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829 (9th Cir. 2002)). Although the Lanham Act does not define "advertising" or "promotion," the Ninth Circuit uses a four-part test to determine whether the alleged false statement was made in commercial advertising or promotion:

In order for representations to constitute "commercial advertising or promotion" under [the Lanham Act], they must be: (1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services. While the representations need not be made in a "classic advertising campaign," but may consist instead of more informal types of "promotion," the representations (4) must be disseminated sufficiently to the relevant purchasing public to constitute "advertising" or "promotion" within that industry.

*Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 735 (9th Cir. 1999) (quoting *Gordon & Breach Science Publishers v. American Inst. of Physics*, 859 F.Supp. 1521, 1535–36 (S.D.N.Y. 1994)).

Although the representations need not be made in "classic advertising" and are actionable even in "informal types of promotion," *id.*, "the touchstone of whether a defendant's actions may be considered 'commercial advertising or

promotion' under the Lanham Act is that the contested representations are part of an organized campaign to penetrate the relevant market." *Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*, 314 F.3d 48, 57 (2d Cir. 2002). Thus, "isolated disparaging statements" do not establish a claim under the Lanham Act. *Id.*

Plaintiff fails to state a claim under the Lanham Act because the allegedly false statement—that Plaintiff's rental condominium had hidden cameras—was posted as a singular customer review on the Airbnb website and is not "commercial speech" for the "purpose of influencing consumers to buy defendant's goods or services." *Coastal Abstract Serv.*, 173 F.3d at 735. Indeed, the Complaint does not allege that the lone customer review was made as part of any broader advertising or promotional campaign. Nor is there any factual allegation connecting the disparagement of Plaintiff's rental property to the promotion of Defendant Galvin's rental property. As pled, the false statement amounts to an isolated disparaging comment about Plaintiff's rental property.

Plaintiff argues that this case is comparable to *Doctor's Associates, Inc. v QIP Holder LLC*, Civ. No. 3:06-cv-1710(VLB), 2010 WL 669870, at *22 (D. Conn. Feb. 19, 2010), where the district court held that an internet-based campaign that sought promotional videos from contestants comparing

7

Quiznos sandwiches to Subway sandwiches was commercial advertising or promotion under the Lanham Act. But that case is hardly comparable because there, the contest was part of a national advertising campaign that included at least two television commercials. *Id.* Indeed, the district court found that the contest was "undisputedly part of Quiznos' national campaign aimed at highlighting the differences between its products and Subway's products." *Id.* Unlike the case here, Quiznos' national promotional campaign was not limited to an "isolated disparaging statement." *Fashion Boutique*, 314 F.3d at 57.

The Court is aware that internet and social media platforms present a myriad of avenues for informal promotional campaigns. Here, however, the Complaint merely alleges a single disparaging review without any connection to the promotion of Defendant Galvin's competing goods or services. The Complaint therefore fails to plead a Lanham Act violation.

Because the Complaint fails to make a plausible claim that the disparaging remark at issue was "made in commercial advertisement or promotion," *Coastal Abstract Serv.*, 173 F.3d at 735, Defendants' Motions with respect to the Lanham Act claim must be GRANTED. The Court will, however, grant Plaintiff leave to amend the Lanham Act claim because

8

amendment is not necessarily futile.³

## B. Supplemental Jurisdiction

Supplemental jurisdiction allows a court to hear state law claims that "derive from a common nucleus of operative fact" with federal claims. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). But supplemental jurisdiction is discretionary; it is not a plaintiff's right. *Id.* at 726.

To determine whether a court should adjudicate state law claims on supplemental jurisdiction, courts "should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). And when the federal law claims are dismissed before trial leaving only state law claims, these factors invariably weigh in favor of declining supplemental jurisdiction. *See, e.g.*, *id.* ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."); *Gibbs*, 383 U.S. at 726 ("Certainly, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well."); *Souch v. Howard*,

---

³ Defendant Galvin also argued that because he was not alleged to have posted the misrepresentation, he cannot be held liable under the Lanham Act. The Court does not reach this issue, however, because the Court grants Defendant Galvin's motion to dismiss on the other grounds discussed.

9

27 F. App'x 793, 794–95 (9th Cir. 2001) ("When all federal claims have been dismissed before trial, the interests promoted by supplemental jurisdiction are no longer present, and a court should decline to exercise jurisdiction over state-law claims."). Because the Court dismisses the only federal claim, the Court declines supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367(c)(3).

### C. Diversity Jurisdiction

Defendants also argue that the Court lacks diversity jurisdiction. The initial Complaint alleged that Plaintiff is a United States citizen, "residing overseas; but, frequent visitor to Hawaii." ECF No. 1 ¶ 1. In response to Defendants' motions, Plaintiff amended his Complaint to allege that Plaintiff is "now a qualified resident of Hawaii." FAC ¶ 1. But Plaintiff's amended allegations remain insufficient to establish diversity jurisdiction.[4] ECF No. 32 at 6–9.

District courts have diversity jurisdiction over civil actions that meet the threshold amount in controversy, and, relevant to this action, are between "citizens of different States." 28 U.S.C. § 1332(a)(1). Federal courts are presumed to "lack jurisdiction unless the contrary appears affirmatively from the record."

---

[4] Defendants also argue that Plaintiff has made contradictory assertions regarding his residency, and Defendants therefore challenge Plaintiff's factual statements related to his residency. *See* ECF No. 32 at 7–9; ECF No. 31 at 3–5. However, the Court need not address Defendants' factual challenge at this time, because even taking Plaintiff's amended allegations as true, Plaintiff has not sufficiently pled diversity jurisdiction.

*DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). Thus, "[t]he party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016).

For diversity purposes, citizenship is not the same as residency. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residency is one's current physical place of residence, but one's state citizenship is determined by his or her domicile. *Id.* "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* Therefore, pleading one's residence does not suffice to invoke diversity jurisdiction. *Id.*; *Nam Soon Jeon v. Island Colony Partners*, 892 F. Supp. 2d 1234, 1243–44 (D. Haw. 2012) (dismissing complaint with leave to amend for failing to allege citizenship of defendants). Moreover, Corporations are citizens of both the states of their incorporation and their principal place of business, 28 U.S.C. § 1332(c)(1).

Here, the FAC fails to allege Plaintiff's state citizenship, alleging only that Plaintiff is a "qualified resident of Hawaii." FAC ¶ 1. The Complaint also fails to allege the citizenship of defendants Airbnb, Inc., and Airbnb Payments, Inc.,

because the Complaint only alleges the Airbnb defendants' state of incorporation, *id.* ¶ 3 (the Airbnb defendants are "California corporate entities"), and is silent as to their principal places of business. Thus, even under the FAC, Plaintiff has failed to meet his burden of pleading diversity jurisdiction. The Court therefore GRANTS Defendants' Motions to Dismiss as to the state law claims for lack of jurisdiction WITH LEAVE TO AMEND.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motions WITH LEAVE TO AMEND. Plaintiff may file a Second Amended Complaint by **September 6, 2019**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, August 6, 2019.

Jill A. Otake
United States District Judge