# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM H. GILLIAM, | )   CIVIL NO. 19-00127 JAO-RT |
| | ) |
| Plaintiff, | )   ORDER GRANTING IN PART AND |
| | )   DENYING IN PART (1) DEFENDANTS |
| vs. | )   JOAN CHERICE KRUSSEL AND |
| | )   MATTHEW AARON COTE'S MOTION |
| MIKE GALVIN; JOAN CHERICE | )   TO DISMISS UNDER FED. R. CIV. P. |
| KRUSSEL; MATTHEW AARON | )   12(b)(1) AND 12(b)(6) AND (2) |
| COTE, | )   DEFENDANT MICHAEL GALVIN'S |
| | )   MOTION TO DISMISS AND/OR FOR |
| Defendants. | )   SUMMARY JUDGMENT |
| | ) |
| _____ | ) |

## ORDER GRANTING IN PART AND DENYING IN PART (1) DEFENDANTS JOAN CHERICE KRUSSEL AND MATTHEW AARON COTE'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(6) AND (2) DEFENDANT MICHAEL GALVIN'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT

Plaintiff William Gilliam ("Plaintiff") initiated this action based on Defendants Joan Cherise Krussel ("Krussel"), Matthew Aaron Cote ("Cote") and Mike Galvin's ("Galvin") (collectively "Defendants") concerted effort to rent his condominium unit in order to gain access and post a false and injurious review on Airbnb. Krussel and Cote move to dismiss the Second Amended Complaint ("SAC"), ECF No. 37, for lack of subject matter jurisdiction and failure to state a claim. Galvin seeks dismissal for failure to state a claim and/or for summary judgment.

For the following reasons, the Court GRANTS IN PART AND DENIES IN PART Defendants' motions.

BACKGROUND

I.     Factual History

Plaintiff and Galvin own units in the Kuhio Shores at Poipu on Kauaʻi. SAC ¶ 4. According to Plaintiff, Galvin created a website to market Galvin's properties. *See id.* ¶ 8. Instead of using Galvin's website to market his unit in competition with Galvin, Plaintiff opted to list his unit with Airbnb in 2015. *See id.*

Plaintiff alleges that in March 2015, Defendants, acting in concert, rented Plaintiff's unit for one night through Krussel's Airbnb account for the purpose of publishing "a malicious, harmful and injurious review on the [] Airbnb website, with [] worldwide reach in perpetuity." *Id.* ¶ 10. Plaintiff claims that Krussel contacted him by telephone within minutes after arriving at the unit, falsely stating that it contained hidden cameras. *Id.* ¶ 10.b. In an effort to resolve Krussel's complaint, and per Airbnb's Terms of Service, Plaintiff arranged to meet Krussel at the unit within an hour. *Id.* ¶ 10.e. However, Defendants had already vacated the unit. *Id.* ¶ 10.f. Plaintiff alleges that during their short time at the unit, Defendants took hundreds of photos and contacted Airbnb to falsely report the presence of hidden cameras. *Id.* Without contacting Plaintiff and absent verification, Airbnb refunded Defendants. *Id.* ¶ 10.g. Krussel then posted a review

2

on Airbnb stating that she found hidden cameras, two-way mirrors, and had received a refund from Airbnb.  *Id.* ¶ 10.h.

Plaintiff claims to have suffered more than $75,000.00 in damages.  *Id.* ¶ 11.

II.    Procedural History

Plaintiff initiated this action on March 11, 2019 and filed a First Amended Complaint ("FAC"), ECF No. 26, on July 8, 2019.  On August 6, 2019, the Court issued an Order Granting Defendants' Motions to Dismiss with Leave to Amend ("Order").  ECF No. 35.  The Court concluded that Plaintiff failed to assert a plausible Lanham Act claim but granted leave to amend.  *Id.* at 8-9.

Plaintiff filed his SAC on September 6, 2019.  He asserts the following claims:  (1) violation of the Lanham Act, 15 U.S.C. § 1125; (2) unfair and deceptive trade practices in violation of Hawaiʻi Revised Statutes ("HRS") sections 480-2 and 480-13; (3) unfair and deceptive trade practices in violation of Revised Code of Washington section 19.86; (4) tortious interference with past, present, future relationship; (5) fraud; (6) defamation and false light; and (7) declaratory judgment as to Krussel pursuant to 28 U.S.C. § 2201, Federal Rule of Civil Procedure ("FRCP") 57, and Hawaiʻi Rule of Civil Procedure ("HRCP") 60. Plaintiff identifies the following jurisdictional bases for this action:  federal question, diversity of citizenship, and pendant jurisdiction.

On September 20, 2019, Krussel and Cote filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ECF No. 39. On September 23, 2019, Galvin filed his Motion to Dismiss and/or for Summary Judgment. ECF No. 40. Krussel and Cote substantively joined in Galvin's Motion. ECF No. 42.

Plaintiff asked the Court to defer consideration of Defendants' motions pursuant to FRCP 56(d). The Court granted in part and denied in part the request. ECF No. 60. It declined to defer ruling on Krussel and Cote's Motion because it is a motion to dismiss, and elected to wait until the hearing to decide whether discovery is required to oppose Galvin's Motion. *Id.*

## LEGAL STANDARDS

I. Rule 12(b)(1)

Under FRCP 12(b)(1), a district court must dismiss a complaint if it lacks subject matter jurisdiction to hear the claims alleged in the complaint. Fed. R. Civ. P. 12(b)(1). A jurisdictional attack pursuant to FRCP 12(b)(1) may be facial or factual. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). A facial attack challenges the sufficiency of the allegations contained in a complaint to invoke federal jurisdiction, while a factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* District courts may review evidence beyond the complaint to resolve a factual attack on jurisdiction without converting a motion to

dismiss into a motion for summary judgment. *See id.* (citation omitted). In such

instances, courts "need not presume the truthfulness of the plaintiff's allegations."

*Id.* (citation omitted); *see also Courthouse News Serv. v. Planet*, 750 F.3d 776, 780

(9th Cir. 2014) ("A factual challenge 'rel[ies] on affidavits or any other evidence

properly before the court' to contest the truth of the complaint's allegations."

(alteration in original) (citation omitted)). "Once the moving party has converted

the motion to dismiss into a factual motion by presenting affidavits or other

evidence properly brought before the court, the party opposing the motion must

furnish affidavits or other evidence necessary to satisfy its burden of establishing

subject matter jurisdiction." *Safe Air*, 373 F.3d at 1039 (citation omitted).

II.    Rule 12(b)(6)

       FRCP 12(b)(6) authorizes dismissal of a complaint that fails "to state a claim

upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6)

motion to dismiss, "the court accepts the facts alleged in the complaint as true,"

and "[d]ismissal can be based on the lack of a cognizable legal theory or the

absence of sufficient facts alleged." *UMG Recordings, Inc. v. Shelter Capital

Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (alteration in original) (quoting

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). However,

conclusory allegations of law, unwarranted deductions of fact, and unreasonable

inferences are insufficient to defeat a motion to dismiss. *See Sprewell v. Golden*

*State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted); *Nat'l Ass'n*

*for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043,

1049 (9th Cir. 2000) (citation omitted).  Furthermore, the court need not accept as

true allegations that contradict matters properly subject to judicial notice.  *See*

*Sprewell*, 266 F.3d at 988 (citation omitted).

 "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007)).  Facial plausibility exists "when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at

556).  The tenet that the court must accept as true all of the allegations contained in

the complaint does not apply to legal conclusions.  *See id.*  As such, "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555).  "[W]here the

well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader

is entitled to relief.'"  *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (some alterations

in original).  If dismissal is ordered, the plaintiff should be granted leave to amend

unless it is clear that the claims could not be saved by amendment. *See Swartz v.*

*KPMG LLP*, 476 F.3d 756, 760 (9th Cir. 2007) (citation omitted).

<u>DISCUSSION</u>

Defendants argue that the SAC still fails to state a violation of the Lanham Act. Krussel and Cote also contend that because the evidence suggests that Plaintiff is not a citizen of Hawaiʻi, subject matter jurisdiction is lacking, and the Court should decline to exercise supplemental jurisdiction. Galvin asserts that with the elimination of the Lanham Act claim, the Court should decline to exercise supplemental jurisdiction.

I.     <u>Lanham Act (Count 1)</u>

Plaintiff alleges that Defendants violated § 1125 by:

> 12.     . . . [C]aus[ing] a false or misleading description of act or false or misleading representation of fact likely to cause confusion or mistake; and, of the approval by Airbnb to their malicious, defamatory lie; and, to injure the commercial activities of plaintiff; and, defendants in their commercial advertising published with Airbnb in the guise of an "honest" guest review repeating their malicious lie, to misrepresent the nature, characteristics of plaintiff's services and commercial activity.

> 13.     Defendants thereby sharply reduced Plaintiff's competitiveness in the market and proximately caused Plaintiff to sustain loss of rental revenue, disruption of Plaintiff's relationship with Airbnb; and, consequential damages.

SAC ¶¶ 12-13.

Coats and Kressel argue that notwithstanding Plaintiff's limited addition of allegations in the SAC, this claim still fails because: (1) Plaintiff does not allege

that they are in commercial competition with him, much less for the purpose of

influencing consumers to buy Defendants' goods or services, and his bare

allegation that they acted in concert with Galvin is insufficient; (2) Krussel's single

review on Airbnb was not linked to competition with Plaintiff nor was it part of

any broader marketing campaign; and (3) Plaintiff's allegation that they did not act

in good faith does not constitute false advertising.  Mem. in Supp. of Krussel &

Cote's Mot., ECF No. 39-1 at 12-15.  Galvin similarly contends that the SAC does

not include allegations that would lead to the inference that Krussel's review was

part of a broader advertising or promotional campaign or allegations that connect

the review to his condominium unit.  Mem. in Supp. of Galvin's Mot., ECF No.

40-1 at 13.  Galvin also argues that the SAC does not identify representations made

by him; only that he conspired with Cote and Krussel.  *Id.*

A.      False Advertising

The Lanham Act creates a civil action "for unfair competition through

misleading advertising or labeling."  *POM Wonderful LLC v. Coca-Cola Co.*, 573

U.S. 102, 107 (2014).  Civil liability may be imposed against:

> Any person who, on or in connection with any goods or services
> . . . uses in commerce any word, term, name . . . or any
> combination thereof, or any . . . false or misleading description
> of fact, or false or misleading representation of fact, which . . . in
> commercial advertising or promotion, misrepresents the nature,
> characteristics, [or] qualities . . . of his or her or another person's
> goods, services, or commercial activities.

8

15 U.S.C. § 1125(a)(1)(B). This "private remedy may be invoked only by those who 'allege an injury to a commercial interest in reputation or sales.'" *POM Wonderful*, 573 U.S. at 108 (citation omitted). A prima facie false advertising claim under the Lanham Act consists of five elements:

> (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product;
>
> (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience;
>
> (3) the deception is material, in that it is likely to influence the purchasing decision;
>
> (4) the defendant caused its false statement to enter interstate commerce; and
>
> (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products.

*Skydive Ariz., Inc. v. Quattrocchi*, 673 F.3d 1105, 1110 (9th Cir. 2012) (citations omitted). A statement of fact must satisfy the following to constitute commercial advertising or promotion:

> (1) commercial speech; (2) by the defendant who is in commercial competition with the plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services. While the representations need not be made in a "classic advertising campaign," but may consist instead of more informal types of "promotion," the representations (4) must be disseminated sufficiently to the relevant purchasing public to constitute "advertising" or "promotion" within that industry.

*Newcal Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038, 1054 (9th Cir. 2008)

(citation omitted).[1]

Here, even construing the SAC liberally, Plaintiff has not plausibly alleged, that the representations in Krussel's single online review were made *for the purpose of influencing consumers to purchase Krussel's goods or services.* Reviews are not generally actionable under the Lanham Act. *See, e.g., Ariix*, 2018 WL 1456928, at *3 (holding that "the Lanham Act doesn't apply to reviews of consumer products, even if they are alleged to be biased, inaccurate, or tainted by favoritism"). This is truer still where, as here, Plaintiff does not allege economic motive, in the form of payment or other quid pro quo. *See id.* at *6-7. Plaintiff emphasizes that reviews posted on Airbnb are not singular entries but are

---

[1] District courts within this circuit have questioned whether *Lexmark International, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014), abrogated the second element. *See Alfasigma USA, Inc. v. First Databank, Inc.*, 398 F. Supp. 3d 578, 590 n.4 (N.D. Cal. 2019); *Genus Lifesciences Inc. v. Lannett Co., Inc.*, 378 F. Supp. 3d 823, 844 (N.D. Cal. 2019) (collecting cases); *Bragel Int'l, Inc. v. Kohl's Dep't Stores, Inc.*, Case No. 2:17-CV-07414-RGK-SS, 2018 WL 5858535, at *2 n.1 (C.D. Cal. June 5, 2018); *Ariix, LLC v. NutriSearch Corp.*, Case No. 17CV320-LAB (BGS), 2018 WL 1456928, at *4 (S.D. Cal. Mar. 23, 2018). In *Lexmark*, the Supreme Court held that "to come within the zone of interests in a suit for false advertising under § 1125(a), a plaintiff must allege an injury to a commercial interest in reputation or sales." *Lexmark*, 572 U.S. at 131-32. *Lexmark* did not require that claims involve competitors. *See id.* at 136 ("It is thus a mistake to infer that because the Lanham Act treats false advertising as a form of unfair competition, it can protect *only* the false-advertiser's direct competitors."). In this case, the Court need not decide whether *Lexmark* impacted the second element because the SAC is deficient for other reasons.

published repeatedly due to the nature of web Hyper-Text publications.  SAC ¶ 7.

But whether or not the review is widely or repeatedly disseminated is irrelevant if

Plaintiff has not alleged that Krussel posted the review to influence consumers to

purchase her goods or services.

This deficiency also pertains to Cote, whose purported involvement was

limited to acting in concert with Krussel and Galvin.  Galvin is the only Defendant

alleged to have goods/services in the form of his condominium unit(s) and website.

But as with Cote, there are no allegations that Galvin engaged in commercial

speech for the purpose of influencing consumers to rent his unit(s); Plaintiff merely

asserts, in conclusory fashion, that Galvin acted in concert with Cote and Krussel.

Therefore, Plaintiff fails to state a Lanham Act claim.

B.    Contributory False Advertising

To the extent Plaintiff's allegations that Defendants acted in concert could

be construed as claiming contributory false advertising, such allegations also fail to

state a claim.[2]  Although the Ninth Circuit has not articulated a standard for

contributory false advertising,[3] the Eleventh Circuit has.  *See Genus Lifesciences*,

---

[2]  At the hearing, Plaintiff expressed uncertainty about whether he is alleging
contributory false advertising but his allegations that Defendants acted in concert
to post the negative review most closely resemble such a claim.

[3]  In the copyright infringement context, "[c]ontributory liability requires that a
party '(1) has knowledge of another's infringement and (2) either (a) materially

11

378 F. Supp. 3d at 847-48; *Diamond Resorts Int'l v. Hein & Assocs.*, Case No.

2:17-cv-03007-APG-VCF, 2019 WL 6310717, at *6 (D. Nev. Nov. 25, 2019).

Under the Eleventh Circuit's standard, "[f]irst, the plaintiff must show that a third

party in fact directly engaged in false advertising that injured the plaintiff.  Second,

the plaintiff must allege that the defendant contributed to that conduct either by

knowingly inducing or causing the conduct, or by materially participating in it."

*Duty Free Ams., Inc. v. Estee Lauder Cos., Inc.*, 797 F.3d 1248, 1277 (11th Cir.

2015).[4]  The second prong requires a plaintiff to "allege that the defendant actively

and materially furthered the unlawful conduct—either by inducing it, causing it, or

in some other way working to bring it about."  *Id.* (citation omitted).  The *Duty*

*Free* court provided analogies from the trademark infringement context:

> Thus, for example, a plaintiff may be able to make out the
> participation prong of a contributory false advertising claim by
> alleging that the defendant directly controlled or monitored the
> third party's false advertising. . . . In determining whether a
> plaintiff has adequately alleged facts to support such a claim, we
> look to whether the complaint suggests a plausible inference of
> knowing or intentional participation, examining "the nature and
> extent of the communication" between the third party and the
> defendant regarding the false advertising; "whether or not the
> [defendant] explicitly or implicitly encouraged" the false

contributes to or (b) induces that infringement.'"  *VHT, Inc. v. Zillow Grp., Inc.*,
918 F.3d 723, 745 (9th Cir. 2019) (citation omitted).

[4]  "In order to establish that a third party engaged in false advertising, the plaintiff
'must plead (and ultimately prove) an injury to a commercial interest in sales or
business reputation proximately caused by the . . . misrepresentations.'"  *Duty*
*Free*, 797 F.3d at 1277 (quoting *Lexmark*, 572 U.S. at 140).

advertising; whether the false advertising "is serious and widespread," making it more likely that the defendant "kn[ew] about and condone[d] the acts"; and whether the defendant engaged in "bad faith refusal to exercise a clear contractual power to halt" the false advertising.

*Id.* at 1277-78 (alterations in original) (citations omitted). Plaintiff alleges that Krussel posted a false review that caused him harm. But he does not allege that Galvin directly controlled or encouraged Krussel to rent the unit and post the review on Airbnb; that Galvin knew about and condoned the posting; or that he refused in bad faith to stop the post. And aside from the conclusory statement that Defendants acted in concert, Plaintiff does not allege that Defendants communicated about the purported "malicious scheme," or at all. Indeed, there is an absence of allegations concerning the relationship between Defendants and how they devised this "scheme." Therefore, Plaintiff fails to state a claim for contributory false advertising.

Plaintiff advances arguments in his Opposition attempting to create ties between Defendants, i.e., that Krussel's mother operated a similar business as Galvin in the Seattle area and that Galvin resides a short distance from Krussel in Seattle. However, because the SAC does not include these specific allegations, they cannot be considered when evaluating a motion to dismiss. *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's

13

moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." (quoting *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998))). Consequently, while these arguments may pertain to the Lanham Act claim, they cannot cure the deficiencies identified above.[5]

C.     Rule 9(b)

Because Plaintiff's Lanham Act claim is based on fraudulent acts, allegations must be pled with particularity pursuant to FRCP 9(b).[6] *See Smallwood v. NCsoft Corp.*, 730 F. Supp. 2d 1213, 1232-33 (D. Haw. 2010). FRCP 9(b) requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see In re*

---

[5] Instead, "[f]acts raised for the first time in plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice." *Broam*, 320 F.3d at 1026 n.2 (citation omitted).

[6] The Ninth Circuit has yet to weigh in on whether Lanham Act claims are subject to FRCP 9(b)'s heightened pleading standard, but district courts in the circuit routinely conclude that they are. *See, e.g.*, *Factory Direct Wholesale, LLC v. iTouchless Housewares & Prods., Inc.*, Case No. 19-CV-01228-LHK, __ F. Supp. 3d __, 2019 WL 5423450, at *12 (N.D. Cal. Oct. 23, 2019) ("Lanham Act false advertising claims must meet the Rule 9(b) particularity pleading requirements." (citation omitted)); *Corker v. Costco Wholesale Corp.*, NO. C19-0290RSL, 2019 WL 5887340, at *2 n.1 (W.D. Wash. Nov. 12, 2019); *World Nutrition Inc. v. Advanced Enzymes USA*, No. CV-19-00265-PHX-GMS, 2019 WL 5802001, at *4 (D. Ariz. Nov. 7, 2019); *Monster Energy Co. v. Vital Pharm., Inc.*, Case No. EDCV 18-1882 JGB (SHKx), 2019 WL 2619666, at *10 (C.D. Cal. May 20, 2019); *Bobbleheads.com, LLC v. Wright Bros., Inc.*, 259 F. Supp. 3d 1087, 1095 (S.D. Cal. 2017).

*GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-48 (9th Cir. 1994) (en banc),

*superseded on other grounds by* 15 U.S.C. § 78u–4.  FRCP 9(b)'s purpose is

threefold:

> (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints "as a pretext for the discovery of unknown wrongs"; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to "prohibit [] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.

*Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (alterations in

original) (citation omitted).

The "who, what, when, where, and how" of the alleged misconduct must

accompany "[a]verments of fraud."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d

1097, 1106 (9th Cir. 2003) (citation omitted); *see also Cafasso, U.S. ex rel. v. Gen.*

*Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011).  A plaintiff must

offer something greater "than the neutral facts necessary to identify the

transaction."  *Vess*, 317 F.3d at 1106.  He or she must identify "what is false or

misleading about a statement, and why it is false."  *Id.* (citation omitted).  The

circumstances constituting the alleged fraud must "be 'specific enough to give

defendants notice of the particular misconduct . . . so that they can defend against

the charge and not just deny that they have done anything wrong.'"  *Id.* (citation

omitted).

Plaintiff's bare and conclusory allegations fall well short of FRCP 9(b)'s particularity requirement. Plaintiff fails to describe how each Defendant directly or contributorily violated the Lanham Act and how they acted in concert to harm him. These deficiencies are yet another basis for the dismissal of the Lanham Act claim.[7]

Based on the foregoing, the Court DISMISSES Plaintiff's Lanham Act claim for direct or contributory false advertising. Plaintiff is given a *final* opportunity to amend this claim.

The Court DENIES Galvin's request for summary judgment. This case is still in its preliminary stages and Plaintiff did not have the opportunity to depose Defendants or conduct necessary discovery to oppose the Motion. *See* Fed. R. Civ. P. 56(d) (authorizing denial of a motion for summary judgment or allowing time to take discovery where a nonmovant shows that he or she cannot present facts essential to justify the opposition).

II.     Declaratory Judgment Claim

Krussel and Cote contend that Plaintiff's Declaratory Judgment Act ("DJA") claim (Count 7) cannot provide a basis for federal question jurisdiction and it fails as a matter of law because it collaterally attacks a state court judgment. The DJA,

---

[7] To be clear, and as explained earlier, Plaintiff does not even satisfy FRCP 8's more lenient standard.

28 U.S.C. § 2201, does not provide an independent basis for jurisdiction. *See Countrywide Home Loans, Inc. v. Mortg. Guar. Ins. Corp.*, 642 F.3d 849, 853 (9th Cir. 2011). "[F]ederal courts have discretion under the DJA only as to whether to award declaratory relief pursuant to the jurisdiction that they must properly derive from the underlying controversy between the litigants." *Id.* Thus, Plaintiff's DJA claim does not supply a basis for federal question jurisdiction.

The DJA claim, asserted solely against Krussel, requests declaratory relief from a judgment entered in small claims court against him. SAC at 8. Plaintiff avers that the state district court lacked jurisdiction to rule on Krussel's motion to dismiss because he voluntarily dismissed the action. *Id.* ¶¶ 33-35. This implicates the *Rooker-Feldman* doctrine, which "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (citation omitted). Indeed, *Rooker-Feldman* is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Plaintiff's DJA claim seeks precisely the type of relief barred by the doctrine.

Insofar as *Rooker-Feldman* bars the Court from entertaining Plaintiff's challenge of the small claims court's decision, Count 7 is DISMISSED WITH PREJUDICE.

III.    Jurisdictional Basis for the State Law Claims

Defendants argue that with the dismissal of the Lanham Act claim, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Before the Court can consider this argument, however, it must determine whether diversity jurisdiction provides a basis for subject matter jurisdiction over the state law claims.

In the SAC, Plaintiff alleges that he is a citizen of Hawai'i, that Defendants are citizens of Washington, and that the amount in controversy exceeds $75,000.00. *See* SAC ¶¶ 1-2, 11. However, in the Complaint, Plaintiff alleged that he was neither a citizen of Washington or California and he was residing overseas. *See* Compl. ¶ 1. In the FAC, he alleged that he was a "qualified resident of Hawaii."[8] FAC ¶ 1. While making these averments, Plaintiff's mailing address on record and on the caption of his filings was (and continues to be) a Beaverton,

---

[8]  In another action in this district, *Gilliam v. Glassett*, Civil No. 18-00317 SOM-RLP, Plaintiff alleged that he was not a California resident and that he lived abroad. ECF Nos. 1, 7.

Oregon address.[9]  But the mailing documentation from certain of his filings

contain a Las Vegas, Nevada return address.  *See*, *e.g.*, ECF Nos. 19-2, 25-1.

These discrepancies are concerning and preclude any finding concerning Plaintiff's

citizenship for diversity purposes.

It is well established that a court's jurisdiction "depends upon the state of

things at the time of the action brought."  *Grupo Dataflux v. Atlas Glob. Grp., L.P.*,

541 U.S. 567, 570 (2004) (citation omitted).  "[A]ll challenges to subject-matter

jurisdiction premised upon diversity of citizenship [are therefore measured] against

the state of facts that existed at the time of filing[.]"  *Id.* at 571.

An individual's state citizenship is determined by his or her state of

domicile.  *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

"A person's domicile is her permanent home, where she resides with the intention

to remain or to which she intends to return."  *Gaudin v. Remis*, 379 F.3d 631, 636

(9th Cir. 2004) (citation omitted)).  A "change in domicile requires the confluence

of (a) physical presence at the new location with (b) an intention to remain there

indefinitely."  *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (citations omitted).

An individual may only have one domicile at a time.  *See Gaudin*, 379 F.3d at 636.

---

[9]  If Plaintiff in fact presently resides in Hawaiʻi—or at any address other than that
on record—he has violated Local Rule 83.1(e)(1), which requires parties to "file
with the court and serve upon all other parties in all pending cases a Notice of
Change of Address within fourteen (14) days that specifies the effective date of the
change."  *Id.*

A number of factors inform a determination of an individual's domicile, including: "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew*, 797 F.2d at 750 (citation omitted). A party's statement of intent is "entitled to little weight when in conflict with facts" because "domicile is evaluated in terms of 'objective facts.'" *Id.* (citation omitted).

In conformance with these principles, Plaintiff is ORDERED to submit—no later than **December 26, 2019**—a declaration and any relevant documents[10] establishing his domicile *at the time he initiated this action*. Krussel and Cote focus primarily on Hawaiʻi citizenship but diversity jurisdiction will exist as long as Plaintiff satisfies his burden of establishing that at the time this action commenced, he was citizen of any state except Washington, where Defendants are domiciled. Until this diversity jurisdiction issue is resolved, the Court declines to address Plaintiff's state law claims, as the Court must ascertain whether its jurisdiction over the state law claims is mandatory or discretionary.

---

[10] As noted above, relevant documentary evidence may include mail addressed to Plaintiff, driver's license, voter's registration, property tax statements with a mailing address, bank accounts, verification of employment, and payment of state income tax.

To summarize, Plaintiff's Lanham Act claim is DISMISSED with leave to amend. This is Plaintiff's final opportunity to amend his claim and any amendment must comply with this order and all applicable substantive and procedural rules.[11] Plaintiff's DJA claim is DISMISSED with prejudice. Plaintiff's amended complaint, if he elects to file one, must be titled "Third Amended Complaint" and is due by **January 2, 2020**.[12] The amended complaint must cure all defects identified herein. Plaintiff is prohibited from reasserting Count 7, adding additional claims or parties, or amending his state law claims. Failure to comply with any of these directives may result in the dismissal of this action.

---

[11] For example, Plaintiff's filings all violate the Local Rules. Plaintiff must comply with the Local Rule's formatting and other requirements or he risks the imposition of sanctions. Local Rule 81.1(a) ("Pro se litigants shall abide by all local, federal, and other applicable rules and/or statutes. Sanctions, including but not limited to . . . dismissal with prejudice, may be imposed for failure to comply with the Local Rules.").

[12] At the hearing, defense counsel proposed that Plaintiff be required to seek leave to file a Third Amended Complaint so that it may first be reviewed by the Court. Counsel relied on a similar procedure employed by Judge Mollway in Civil No. 18-00317 SOM-RLP. However, that case is distinguishable because the dismissal was based on a lack of subject matter jurisdiction, not a failure to state a claim. Moreover, utilizing such a procedure here would create judicial inefficiency, as motions for leave to amend the pleadings are handled by the magistrate judges. And because the deadline to file motions to amend the pleadings has yet to expire, FRCP 15(a)'s liberal standard would apply.

<u>CONCLUSION</u>

Based on the foregoing, the Court HEREBY GRANTS IN PART AND DENIES IN PART Defendants' Motions. The Court DISMISSES with leave to amend Plaintiff's Lanham Act claim (Count 1) and DISMISSES with prejudice Plaintiff's DJA claim (Count 7). The Motions are DENIED in all other respects.

No later than **December 26, 2019**, Plaintiff must file a declaration and relevant evidence establishing his domicile at the time he filed this action.

Plaintiff's deadline to file an amended complaint is **January 2, 2020**. The amended complaint must comply with this order and cure all defects. No additional parties or claims may be included in the amended complaint.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, December 10, 2019.

_____
Jill A. Otake
United States District Judge

Civil No. 19-00127 JAO-RT; *Gilliam v. Galvin*; ORDER GRANTING IN PART AND DENYING IN PART (1) DEFENDANTS JOAN CHERICE KRUSSEL AND MATTHEW AARON COTE'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(6) AND (2) DEFENDANT MICHAEL GALVIN'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT