IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| WILLIAM GILLIAM, | ) | CIVIL NO. 19-00127 JAO-RT |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DISMISSING REMAINING CLAIMS |
| vs. | ) ) | |
| MIKE GALVIN; JOAN CHERICE KRUSSEL; MATTHEW AARON COTE, | ) ) ) ) | |
| Defendants. | ) ) ) | |

ORDER DISMISSING REMAINING CLAIMS

In its Order Granting in Part and Denying in Part (1) Defendants Joan Cherice Krussel and Matthew Aaron Cote's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and (2) Defendant Michael Galvin's Motion to Dismiss and/or for Summary Judgment ("Order"), the Court declined to determine whether to exercise supplemental jurisdiction over Plaintiff William Gilliam's ("Plaintiff") state-law claims until it could determine whether diversity jurisdiction provides a basis for subject matter jurisdiction over said claims. *See* ECF No. 72 at 18. The Court ordered Plaintiff to submit, by December 26, 2019, a declaration and any

relevant documents[1] establishing his domicile at the time he initiated this action. *See id.* at 20. Because Plaintiff failed to do so, the Court issued an Order to Show Cause why the action should not be dismissed. *See* ECF No. 79. The Court ordered Plaintiff to file a response by January 14, 2020. *See id.*

Plaintiff also failed to file an amended complaint. Consequently, the Court dismissed Plaintiff's Lanham Act claim (Count 1) and notified the parties that the case would proceed as to the remaining claims presented in the Second Amended Complaint, except for Count 7, which the Court dismissed with prejudice. *See* ECF No. 81.

On January 14, 2020, Plaintiff filed a Declaration, to which he attached an image of his passport and his mother's death certificate. ECF No. 82. Neither bear on Plaintiff's domicile at the time he commenced this action. Nor do Plaintiff's statements in his Declaration respond to the Court's domicile inquiry.

In every pleading, Plaintiff asserted diversity as a basis for subject matter jurisdiction.[2] Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states. 28 U.S.C.

---

[1] The Court provided examples of relevant documentary evidence. *See* ECF No. 72 at 20 n.10.

[2] Plaintiff also asserted federal question jurisdiction based on his Lanham Act claim, as well as pendant jurisdiction.

§ 1332(a)(1). Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants. *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Federal courts are presumed to lack subject matter jurisdiction, and the plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

The Court has provided Plaintiff with multiple opportunities to present evidence of his domicile at the time he commenced this action, which is necessary to establish diversity jurisdiction. Instead of providing the requested evidence, Plaintiff avers that: his mother passed away in his arms at the property on Kauai that is the subject of this lawsuit; his family has held an interest in said property for multiple decades and he has returned there "as [his] home in the past and so too in the future"; the addresses on his pleadings and mailings are "the fifteen year United States Postal Agent engaged contractually and pursuant to U.S. Postal Service regulations to receive postal mail on my behalf" and the default address for his online shipping labels, respectively; and he commenced a "bare bones" Chapter 13 petition in Bankruptcy Court within this district, with Hawaiʻi as his residence. ECF No. 82 at ¶¶ 3-6. These allegations remain insufficient and because Plaintiff

has not submitted relevant documentary evidence, the Court finds that he has failed to meet his burden of establishing that diversity jurisdiction exists.

Given the dismissal of the Lanham Act claim and the lack of diversity jurisdiction—the bases for original jurisdiction articulated by Plaintiff—the Court now considers whether it should exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. A state-law claim is part of the same case or controversy under Article III of the U.S. Constitution "when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (citation omitted). Courts may decline to exercise supplemental jurisdiction over a state-law claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Courts declining to exercise supplemental jurisdiction, "must undertake a case-specific analysis to determine whether declining supplemental jurisdiction 'comports with the underlying objective of most sensibly accommodat[ing] the values of economy, convenience, fairness and comity.'"

*Bahrampour*, 356 F.3d at 978 (alteration in original) (citation omitted); *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). When a "case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)) (quotations omitted).

Here, considerations of judicial economy, convenience, fairness, and comity weigh in favor of declining jurisdiction over Plaintiff's state-law claims. The Court dismissed the only claim over which it had original jurisdiction and although the Court has addressed multiple dispositive motions, the case is still in its earliest stages. There are no other factors compelling the Court to deviate from the common practice of declining supplemental jurisdiction when no federal claims remain. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims. All remaining claims are HEREBY DISMISSED.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, January 16, 2020.

Jill A. Otake
United States District Judge

Civil No. 19-00127 JAO-RT; *Gilliam v. Galvin*; ORDER DISMISSING REMAINING CLAIMS